1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11   KIRELLY TAYLOR,                         No.  1:25-cv-00779-SAB (PC)

12              Plaintiff,                    ORDER DIRECTING CLERK OF COURT TO
                                             RANDOMLY ASSIGN A DISTRICT JUDGE
13        v.                                 TO THIS ACTION

14   F. HARRIS, et al.,                       FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING PLAINTIFF'S MOTION
15              Defendants.                   TO PROCEED IN FORMA PAUPERIS BE
                                             DENIED
16
                                             (ECF No. 2)
17

18        Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

19        Plaintiff filed the instant complaint on June 27, 2025, along with a motion to proceed in

20   forma pauperis.  (ECF Nos. 1, 2.)

21                                         **I.**

22                                     **DISCUSSION**

23        The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous

24   prisoner complaints and appeals."  Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir.

25   2011).  Pursuant to the PLRA, the in forma pauperis statue was amended to include section

26   1915(g), a non-merits related screening device which precludes prisoners with three or more

27   "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious

28
                                           1

1    physical injury.  28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir.

2    2007).  The statute provides that "[i]n no event shall a prisoner bring a civil action … under this

3    section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

4    facility, brought an action or appeal in a court of the United States that was dismissed on the

5    grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

6    unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

7        As Plaintiff acknowledges on the complaint, he has suffered three or more strikes under

8    28 U.S.C. § 1915(g) and must pay the $405.00 filing fee to proceed with this action.  (ECF No. 1

9    at 2.)  The Court takes judicial notice[1] of the following United States District Court cases: (1)

10   Bettis v. Paulson,[2] CV 09-1544-UA-CT (C.D. Cal.) (dismissed as legally and/or factually patently

11   frivolous on April 13, 2009); Bettis v. Blackston, 1:08-cv-01561-AWI-GSA (E.D. Cal.)

12   (dismissed on September 11, 2009, for failure to state a claim); Taylor v. U.S. Department of

13   State, 1:10-cv-01892-LJO-JLT (E.D. Cal.)(dismissed on November 3, 2010, for failure to state a

14   claim).  See also Taylor v. Chiu, 1:11-cv-01374-AWI-JLT (denying in forma pauperis status and

15   dismissing action without prejudice for failure to pay the filing fee pursuant to 28 U.S.C. §

16   1915(g).)

17       The issue now becomes whether Plaintiff has met the imminent danger exception, which

18   requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and

19   which turns on the conditions he faced at the time he filed his complaint on June 4, 2025 (with

20   application of the mailbox rule).  Andrews, 493 F.3d at 1053-1056.  Conditions which posed

21   imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent

22   conditions.  Id. at 1053.  While the injury is merely procedural rather than a merits-based review

23   of the claims, the allegations of imminent danger must still be plausible.  Id. at 1055.

24       Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of

25   serious physical injury at the time of filing.  In the instant complaint, Plaintiff alleges a past

---

[1] Judicial notice may be taken of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 634 n.1 (N.D. Cal. 1978).

[2] Plaintiff also goes by the name of Kirell Francis Bettis, identified by the same California Department of Corrections and Rehabilitation Inmate Number, T-35161.

1   incident of excessive force when prison officials used an unnecessary amount of pepper spray,

2   which does not demonstrate imminent physical danger.  (ECF No. 1 at 3); Andrews, 493 F.3d at

3   1053; see also Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (the danger faced by a

4   prisoner at the time of filing must be imminent or ongoing).  Plaintiff has alleged no facts that he

5   suffered physical injury, let alone factual allegations to establish that he "faced 'imminent danger

6   of serious physical injury' at the time of filing." See Andrews, 493 F.3d at 1051-52 (noting §

7   1915(g)'s exception for IFP complaints which "make[ ] a plausible allegation that the prisoner

8   faced 'imminent danger of serious physical injury' at the time of filing."); see also, Winfield v.

9   Schwarzenegger, No. 2:09–cv–0636–KJN–P, 2010 WL 3397397, at *2 (E.D. Cal. Aug. 27, 2010)

10  ("At the time of filing the operative ... complaint, plaintiff was incarcerated at [CSP–Sacramento];

11  thus, he is not facing imminent danger of serious physical injury based on allegations against

12  defendant ... at San Quentin State Prison.").  Therefore, Plaintiff does not establish an exception

13  to the three-strikes rule of § 1915(g), and he is precluded from proceeding in forma pauperis and

14  must pay the filing fee for this action to proceed.

## II.

### ORDER AND RECOMMENDATIONS

17          Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a

18  District Judge to this action.

19          Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff

20  not be allowed to proceed in forma pauperis and instead be directed to pay the $405.00 filing fee

21  in full if he wishes to proceed with this action.

22          These Findings and Recommendations will be submitted to the United States District

23  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen**

24  **(14)** days after being served with these Findings and Recommendations, Plaintiff may file written

25  objections with the Court, limited to 15 pages, including exhibits.  The document should be

26  captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is

27  advised that failure to file objections within the specified time may result in the waiver of rights

28  on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v.

1    <u>Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

2

3    IT IS SO ORDERED.

4    Dated:    **June 30, 2025**

STANLEY A. BOONE
5                                                    United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28