UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELLY TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>F. HARRIS, et al.,<br><br>Defendants. | No. 1:25-cv-00779-KES-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>(ECF No. 16) |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to dismiss, filed March 23, 2026.

**I.**

**BACKGROUND**

This action is proceeding on Plaintiff's excessive force claim against Defendants F. Harris and S. Covey. (ECF No. 12.)

On March 23, 2026, Defendants filed the instant motion to dismiss the complaint as barred by the applicable statute of limitations. (ECF No. 16.)

On April 14, 2026, Plaintiff filed an opposition, and Defendants filed a reply on April 28, 2026. (ECF Nos. 17, 18.)

///

1

## II.

## DISCUSSION

### A.   Legal Standard

Defendants' motion to dismiss is properly the subject of a motion for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).  Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 n.2 (9th Cir. 1995) (explaining that because "the question whether [a] claim is barred by the statute of limitations is not a jurisdictional question, it should ... be raised through a Rule 12(b)(6) motion to dismiss for failure to state a claim, not a Rule 12(b)(1) motion to dismiss for lack of jurisdiction"); Ledesma v. Jack Stewart Produce, Inc., 816 F.2d 482, 484 n.1 (9th Cir. 1987) (a statute of limitations defense may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint).  The motion to dismiss should be granted where "the assertions of the complaint, read with the required liberality, do not permit the plaintiff to prove that the statute was tolled." Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993).

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999).

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotes and citation omitted), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). Otherwise, the motion is treated as one for summary judgment. Id. There are exceptions for material which is properly submitted as part of the complaint and "matters of public record" which may be judicially noticed. Id. at 688-89. "If the documents are not physically attached to the complaint, they may be considered if the documents' 'authenticity ... is not contested' and 'the plaintiff's complaint necessarily relies' on them." Id. at 688 (quoting

2

Parrino v. FHD, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998).

**B.      Complaint Allegations[1]**

On November 13, 2021, at approximately 7:30 p.m., staff at California Correctional Institution (CCI)-Tehachapi, prepared to escort Plaintiff in handcuffs from his cell to Facility B Unit Office for his scheduled phone call for the hearing impaired. Plaintiff was assigned upstairs on the second tier to cell A-208 while in Administrative Segregation (Ad-Seg), Defendant F. Harris and Defendant S. Covey placed Plaintiff in waist restraints and handcuffs. Officer Smith in the control booth opened Plaintiff's cell door and Plaintiff peacefully exited the cell and approached the staircase. Defendant Covey stood at the top of the staircase while Defendant Harris walked down the stairs to the bottom tier. There is no rule that states an inmate must not or should not jump from the stairs to the bottom first tier. From about 15-feet, staff and inmates witnessed Plaintiff jump over the rail of the staircase to the bottom tier without incident. Defendants Harris and Covery were very angry at Plaintiff for jumping down over the rail of stairs. Defendant Harris gave a direct order for Plaintiff to take it back to his cell to which Plaintiff peacefully complied and returned to his cell. However, when Plaintiff entered the cell he demanded to speak with a sergeant for the purpose of being escorted to the phone by other staff. Defendants Harris and Covey ordered Plaintiff to approach the cell door to relinquish the handcuffs and waist restraints. Plaintiff refused to be unhandcuffed until a sergeant appeared at his cell to discuss the situation. Defendants Harris and Covey would not use their radio to call for a sergeant. Instead, Defendants Harris and Covey pepper sprayed Plaintiff.

Defendants Harris and Covey shot Plaintiff directly in Plaintiff's eyes with pepper spray. Officers T. Burns and C. Gray responded to Plaintiff's cell and demanded Plaintiff approach the cell door to be handcuffed for the purposes of decontamination with water and fresh air. Plaintiff stated, "I'm already handcuffed you stupid mutha-fuckas." Officer Gray asked, "How is he already in handcuffs? What -n- the fuck is going on in this Unit?" Plaintiff demanded they open the door for some fresh air because at least 15 minutes had expired since the defendants

---

[1] This action is proceeding on Plaintiff's first amended complaint, filed on December 22, 2025.  (ECF No. 11.)

3

"unnecessary use of force" and/or "excessive use of force" on a vulnerable man in handcuffs behind a steel door. As a result, Plaintiff avers he suffered significant injuries to his eyes that caused his vision to deteriorate.

Defendants then falsely charged Plaintiff with battering Defendant Harris on November 13, 2021. Defendants' "fabricated allegations" were "proven false" by Grievance Log No. 187223 at the highest level of review. To support exhaustion of administrative remedies, Plaintiff attaches several documents, including the final disposition in Grievance Log No. 186223, issued on May 18, 2022.

### C.     Defendants' Motion to Dismiss

Defendants argue Plaintiff's excessive force claim is time-barred because he failed to file the instant action within the applicable statute of limitations.

Plaintiff argues that the timeliness cannot be determined on the face of the first amended complaint, and he is entitled to tolling while he exhausted the mandatory administrative remedies. Plaintiff also argues that to the extent his LWOP sentence strips him of tolling that is otherwise available to incarcerated litigants, such distinction is arbitrary and in violation of the Equal Protection Clause.

#### 1.     Request for Judicial Notice

Defendants request that the Court take judicial notice of the length of Plaintiff's criminal sentence.

The Court may take judicial notice of Plaintiff's sentence information contained in his publicly available inmate locator profile. McDaniel v. Lizarraga, No. 2:19-CV-1136-DAD-KJN P, 2023 WL 3721102, at *2 (E.D. Cal. May 30, 2023), report and recommendation adopted, No. 2:19-CV-01136-DAD-KJN-PC, 2023 WL 5109773 (E.D. Cal. Aug. 8, 2023) (taking judicial notice of "public records available on online inmate locators" and the plaintiff's indeterminate sentence information); see also In re Yahoo Mail Litig., 7 F.Supp.3d 1016, 2024 (N.D. Cal. 2014) (finding court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute). As relevant here, Plaintiff's online California Incarcerated Records and Information Search (CIRIS) profile shows he is currently serving an indeterminate

sentence of life without the possibility of parole (LWOP). (ECF No. 16-1, Ex. A-2.) Accordingly, Defendants' request for judicial notice of Plaintiff's sentence is granted.

2.      Timeliness of Action

California's two-year statute of limitations for personal injury actions applies to § 1983 claims. Butler v. Nat'l Cmty. Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Civ. Proc. Code § 335.1.  In addition, California Code of Civil Procedure § 352.1(a) provides an extra two years for those imprisoned "for a term less than for life" when the cause of action accrues.

Although this Court must look to California law regarding the length of the applicable limitations period, "federal law determines when a civil rights claim accrues." Azer v. Connell, 306 F.3d 930, 993 (9th Cir. 2022) (quotation omitted). "Under federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted).

Here, Plaintiff's excessive force claim against Defendants accrued on November 13, 2021—the date of the use-of-force incident in question that allegedly caused Plaintiff injury. (ECF No. 11, at 4 ¶¶ 1, 9-16.) Because Plaintiff is serving a LWOP sentence, the two-year statutory tolling period provided under § 352.1 does not apply.  Maldonado  v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004). Therefore, the deadline to file a lawsuit therefore fell on November 13, 2023. See Cal. Civ. Proc. Code § 335.1; Maldonado, 370 F.3d at 954-55.  However, Plaintiff did not file the original complaint until June 27, 2025, and absent tolling, the action is therefore barred by the two-year statute of limitations.

Plaintiff argues § 352.1 violates the Equal Protection Clause.  (ECF No. 17 at 3.)  The Equal Protection Clause to the Fourteenth Amendment requires that people who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). An Equal Protection claim may be established by showing that the plaintiff was discriminated against based on their membership in a protected class, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), or that individuals similarly situated to the plaintiff were intentionally treated differently

5

without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564, (2000).

To the extent Plaintiff argues that § 352.1 violates the Equal Protection Clause because it arbitrarily deprives LWOP inmates of the two-year statutory tolling period permitted to non-LWOP inmates, such claim is without merit.  It is established law that this "tolling statute does not discriminate based upon a suspect classification or impinge on a fundamental right, the statute is examined for a rational relationship to a legitimate state goal." Allen v. Barnes, 243 F.3d 546 (9th Cir. 2000) (citing Madrid v. Gomez, 190 F.3d 990, 996 (9th Cir. 1999)); see also Webber v. Crabtree, 158 F.3d 460, 460 (9th Cir. 1998) (finding incarcerated persons do not constitute a suspect class for the purposes of an Equal Protection claim); Carlson v. Blatt, 87 Cal. App. 4th 646, 650–51 (2001) (finding "[a] party does not have a vested right in the time for the commencement of an action"). "California has legitimately decided that prisoners sentenced to life without parole should not receive the benefits of tolling given to prisoners who received lesser sentences in an effort to reduce the amount of frivolous litigation filed by prisoners." See Allen, 243 F.3d at 546 (O'Scannlain, dissenting); see also Austin v. Medicis, 21 Cal. App.5th 577, 597 (2018) (construing § 352.1 in the pre-trial detainee context and noting the legislature's intent in curtailing "the number of frivolous lawsuits filed by persons incarcerated with the Department of Corrections").  Therefore, a legitimate state goal exists to exclude LWOP inmates from this statutory tolling provision, and Plaintiff's argument to the contrary fails.

In addition, there is no basis to find that enforcing this tolling exclusion for LWOP inmates would be inconsistent with federal law, and the Court must therefore give effect to the provisions of § 352.1.  See Hardin v. Straub, 490 U.S. 536, 544 (1989) (holding a federal court applying state statute of limitations to an incarcerated person's federal civil rights actions should give effect to the state's legal disability tolling provisions); see also Briceno v. Scribner, 555 F.3d 1069, 1080 (9th Cir. 2009) (noting that, in interpreting state law, the federal court is "bound by a state's highest court's interpretation of its own statute ...."). As previously stated, Plaintiff does not show that he is entitled to any statutory tolling under § 352.1 as an incarcerated person with a sentence of LWOP. Plaintiff therefore had two years (instead of four) from the date his excessive

6

force claim accrued to timely initiate this lawsuit. Because it is apparent from the face of the first amended complaint that he did not do so, Plaintiff's claim is barred by the statute of limitations unless some other form of tolling applies.

### 3. Applicable Tolling

Plaintiff argues that "Defendants have already conceded that Plaintiff properly exhausted available prison administrative remedies," and the issue cannot be determined from the face of the first amended complaint.  Plaintiff also argues that the limitations question cannot be resolved at the motion to dismiss stage because the Court "cannot conclude as a matter of law that no form of tolling saves the action."  (ECF No. 17 at 3.)

The limitations period can be tolled for various reasons, including equitable tolling. Whether Plaintiff is entitled to equitable tolling is also determined by California law, except to the extent that California laws are inconsistent with federal law. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Equitable tolling "operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." Jones, 393 F.3d at 928 (quoting Lantzy v. Centex Homes, 31 Cal. 4th 363, 370 (2003)) (internal quotation marks omitted).

"Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.' " McDonald v. Antelope Valley Cmty. Coll. Dist., 45 Cal. 4th 88, 101 (2008) (quoting Elkins v. Derby, 12 Cal. 3d 410, 414 (1974)); see also Brown v. Valoff, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.").

Here, in moving to dismiss the action, Defendants afforded Plaintiff the reasonable inference that the limitations period was "tolled from November 14, 2021, until May 18, 2022, while he exhausted the administrative remedies as to Grievance Log No. 187233.[2]  Thus,

---

[2] Plaintiff referred and attached portions of Grievance Log No. 187233 to his first amended complaint.  (ECF No. 11,

7

Defendants have meet their burden of showing Plaintiff filed the instant action beyond the applicable limitations period, and "[t]he burden of alleging facts which would give rise to tolling [then] falls upon the plaintiff." Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir. 1993) (citations omitted). Plaintiff argues that the Court "must determine the dates and duration of the mandatory exhaustion process and any other applicable tolling before the limitations calculation can be made." (ECF Nos. 11, 17.) However, Plaintiff does not argue that any other grievance was submitted besides Grievance Log No. 187223, relating to his excessive force claim. (ECF Nos. 11, 17.) Nor does Plaintiff's opposition (or first amended complaint) set forth any specific facts or argument to support any other basis to toll the two-year statute of limitations period. (Id.)

Plaintiff concedes that his excessive force claim accrued on November 13, 2021, and he filed the instant action on June 25, 2025. (ECF No. 17 at 2.) In addition, it is not contested that Plaintiff submitted Grievance Log No. 187223 on November 14, 2021, and received a final response on May 18, 2022, resulting in 185 days of tolling. (ECF No. 11 at 11-16; ECF No. 16-2 at 8-13.) Thus, even with the benefit of this tolling, the instant action must have been filed by May 18, 2024, to be within the applicable limitations period. See Lantzy v. Centex Homes, 31 Cal.4th 363, 370, as modified, (Aug. 27, 2003) (reasoning that the "limitations period stops running during the tolling event, and begins to run again only when the tolling event has concluded"); Cal. Civ. Proc. Code § 335.1. Accordingly, Defendants' motion to dismiss the action should be granted.

## III.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.    Defendants' motion to dismiss the action be granted; and

2.    The instant action be dismissed as barred by the statute of limitations.

These Findings and Recommendations will be submitted to the United States District

---

Ex. B.) Plaintiff's does not contest the authenticity of Grievance Log No. 187223, or the institutional responses thereto, submitted with Defendants' request for judicial notice. (ECF No. 16-2.) Accordingly, the Court can properly consider this grievance, and any related records omitted from the first amended complaint in ruling on the instant motion to dismiss. Lee v. City of Los Angeles, 250 F.3d at 688.

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __May 4, 2026__

STANLEY A. BOONE
United States Magistrate Judge

9